**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTEMIO PEREZ PEREZ, AKA Artemio Perez, AKA Artimio Perezperez,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | Nos.   15-73850<br>             19-71599<br><br>Agency No. A200-157-960<br><br>MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before:      MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Artemio Perez Perez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(petition No. 15-73850), and the BIA's order denying his motion to reopen removal proceedings (petition No. 19-71599). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We review for abuse of discretion the BIA's denial of a motion to reopen. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We deny in part and dismiss in part the petition for review in No. 15-73850, and we deny the petition for review in No. 19-71599.

As to petition No. 15-73850, the record does not compel the conclusion that Perez Perez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, Perez Perez's asylum claim fails.

We lack jurisdiction to consider Perez Perez's contentions as to proposed social groups, an imputed political opinion, and facts related to harm experienced by his family members that he did not raise to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). We do not consider the materials Perez Perez attached to his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determination that Perez Perez failed to establish that the harm he experienced or fears in Mexico was or would be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 746-47 (9th Cir. 2008) (resistance to a gang's recruitment efforts alone does not constitute political opinion) *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). We do not reach Perez Perez's contentions that his past harm rises to the level of persecution and that the government was or would be unable or unwilling to protect him. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA). Thus, Perez Perez's withholding of removal claim fails.

We lack jurisdiction to consider Perez Perez's contentions that he is eligible for relief under CAT because he did not raise this claim before the BIA. *See Barron*, 358 F.3d at 677-78.

We also lack jurisdiction to consider Perez Perez's contentions that procedural errors by the IJ violated his right to due process and that his prior

3

attorney provided ineffective assistance of counsel because he did not raise these claims before the BIA. *See id*; *see also Liu v. Waters*, 55 F.3d 421, 425-27 (9th Cir. 1995) (petitioner must first raise claim of ineffective assistance of counsel in a motion to reopen, and must raise procedural due process claims that may be corrected by the administrative tribunal, before the BIA in order for the court to find the claims exhausted).

We reject as unsupported by the record Perez Perez's contention that the BIA violated his due process rights by improperly minimizing his claims.

The BIA did not err in declining to consider Perez Perez's arguments regarding his father's murder, an incident in 1998, and the beating of his parents that were raised for the first time to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider argument raised for the first time on appeal); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal).

As to petition No. 19-71599, the BIA did not abuse its discretion in denying Perez Perez's motion to reopen as untimely, where it was filed more than two years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and where Perez Perez did not establish changed country conditions in Mexico that are material to his claim for relief, *see* 8 C.F.R. § 1003.2(c)(3)(ii) (requiring material evidence of changed circumstances to qualify for exception to filing deadline for

motions to reopen); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

Thus, the government's motion for summary disposition (Docket Entry No. 31) is granted because the questions raised by the petition for review in No. 19-71599 are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

The government's motion (Docket Entry No. 31) to consolidate these petitions for review in the alternative to granting the motion for summary disposition is denied as moot.

Perez Perez's motion for stay of removal (Docket Entry Nos. 1 and 8 in No. 19-71599) is denied as moot.

NO. 15-73850: **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

NO. 19-71599: **PETITION FOR REVIEW DENIED.**